**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Kyo Ok Goo and Heesun Hwang on behalf of themselvesthemselves and all others similarly situated,<br><br>                             **Plaintiff,**<br>   v.<br><br>HAND Hospitality LLC, Cho Dang Gol LLC, Toledo 53 Inc. and Kihyun Lee,<br><br>                         **Defendants,** | Index No. 23-CV-8235<br><br><br><br>**FIRST AMENDED COMPLAINT**<br><br>**COLLECTIVE AND CLASS ACTION**<br><br>**JURY DEMANDED** |

Plaintiffs Kyo Ok Goo and Heesun Hwang (together, "Plaintiffs"), on behalf of themselves and all other similarly situated individuals, by and through her undersigned counsel Ryan Kim Law, P.C. as and for her Complaint in this action against Defendants HAND Hospitality LLC, Cho Dang Gol LLC, Toledo 53 Inc. ("Cho Dang Gol" or the "Restaurant"), and Kihyun Lee (the "Individual Defendant") (the Restaurant and the Individual Defendant are collectively referred to herein as "Defendants"), hereby allege as follows:

## <u>NATURE OF THE CLAIMS</u>

1.      Defendants subjected Plaintiffs, who worked as a kitchen worker and a server , and other similarly-situated employees at Cho Dang Gol to numerous violations of federal and state laws during their employment, including: (a) failure to pay minimum wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the New York Labor Law ("NYLL"), §650 *et seq.*; (b) failure to pay overtime wages in violation of the FLSA § 207 and NYLL § 650 *et seq.*; (c) illegal retention of employee gratuities in violation of FLSA § 203(m)(2)(B) and NYLL § 196-d; (d) unlawful deduction from employees' wage (e) failure to pay for all hours worked in violation of

1

NYLL § 191; (f) failure to provide accurate wage notices in violation of NYLL §§ 195(1) and (2); (g) failure to provide wage statements in violation of NYLL § 195(3): and (h) retaliation in violation of NYLL § 215 and 29 U.S.C. § 215(a)(3).

2.      Plaintiffs' claims under the FLSA are brought as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of themselves and on behalf of all other similarly situated persons who were employed by Defendants as "Service/Front of the House ("FOH") Staffs, Kitchen workers, and all other similar positions " during the applicable limitations period (the "FLSA Collective Period"). Plaintiffs and all such other similarly situated persons are jointly referred to herein as the "FLSA Collective."

3.      Plaintiffs' claims under the NYLL are brought as a class action pursuant to Federal Rule of Civil Procedure Rule 23 on behalf of themselves and on behalf of all other similarly situated persons who were employed by Defendants as "Service/Front of the House ("FOH") Staffs, Kitchen workers, and all other similar positions" during the applicable limitations period (the "NYLL Class Period"). Plaintiffs and all other such similarly situated persons are jointly referred to herein as the "NYLL Class."

4.      Plaintiffs also bring individual claims for unlawful retaliation pursuant to FLSA § 215 and NYLL § 215.

## JURISDICTION AND VENUE

5.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as this action involves federal questions regarding the deprivation of Plaintiffs', the FLSA Collective's, and the NYLL Class's rights under the FLSA.   The Court has supplemental jurisdiction over Plaintiffs' related claims arising under State law pursuant to 28 U.S.C. § 1367(a).

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district, namely Manhattan, New York.

## PARTIES

7.     Plaintiff Kyo Ok Goo is an adult resident of the state of New York and was employed by Defendants as a kitchen worker at Cho Dang Gol from 2014 to May 2023. At all relevant times, Ms. Goo was an "employee" within the meaning of all applicable statutes.

8.     Plaintiff Heesun Hwang is an adult resident of the state of New York and was employed by Defendants as a Server at Cho Dang Gol from February 2021 until July 2021 and from May 31, 2022, until September 17, 2023. At all relevant times, Ms. Hwang was an "employee" within the meaning of all applicable statutes.

9.     Defendant HAND Hospitality LLC is a New York limited liability corporation with a service of process address of 38 West 32nd Street, Suite 1400, New York NY 10001. HAND Hospitality LLC operates 13 restaurants including Cho Dang Gol in New York.

10.     Defendant Cho Dang Gol LLC is a New York limited liability corporation with a service of process address of 38 West 32nd Street, Suite 1400, New York NY 10001. Cho Dang Gol LLC operates the restaurant Cho Dang Gol at 55 W. 35th Street New York, NY 10001.

11.     Toledo 53 Inc. is a New York corporation with a service of process address of 38 West 32nd Street, Suite 1400, New York NY 10001. Toledo 53 Inc. operates the restaurant Cho Dang Gol at 55 W. 35th Street New York, NY 10001.

12.     The restaurant Cho Dang Gol is a Korean restaurant located at 55 W. 35th Street New York NY 10001.   At all relevant times, Cho Dang Gol was an "employer" within the meaning of all applicable statutes, and an enterprise engaged in commerce as defined by § 203(r) and (s) of the FLSA, with annual gross volume business done in an amount not less than $500,000.

13.     Defendant Kihyun Lee is the chef and the sole owner of Cho Dang Gol and, upon

information and belief, an adult resident of the state of New York. Mr. Lee exercises sufficient

control of Cho Dang Gol's day-to-day operations, including, but not limited to, how employees are

paid, to be considered an "employer" within the meaning of all applicable statutes.

## FACTUAL ALLEGATIONS

### Minimum Wage and Overtime Wage Violation

14.     Defendants paid Plaintiff Goo a fixed wage regardless of the hours she worked in a day

or in a week.

15.     Defendants paid Plaintiff Goo in cash weekly during the relevant period.

16.     Defendants deducted Plaintiff Goo's wage in 25% of her cash payroll as tax withholding

but they never paid tax for Plaintiff.

17.     Defendants were/are permitted, under the FLSA and NYLL, to pay certain tipped

employees at a statutory hourly rate that is less than the standard hourly minimum wage rate so long

as the "tips" or "gratuities" that such tipped employee is expected to receive, when added to the

hourly wages, meet or exceed the standard hourly minimum wage, and so long as all tips received

by the employees are retained by the employee, and no portion of the tips are retained by

Defendants or given to employees in non-tipped positions.

18.     However, Defendants have not entitled to avail themselves of the reduced minimum

wage by applying the tip credit allowance for Plaintiff Hwang, the FLSA Collective, and the NYLL

Class, because Defendants would retain tips and would pay a portion of the tips earned by Plaintiff

Hwang, the FLSA Collective and the NYLL Class to managerial staff.    Specifically, the manager

of Cho Dang Gol would each retain/receive some portion of servers' tip allocation each day.

19.     Upon information and belief, Defendants also siphoned off a portion of the tips earned by Plaintiff Hwang, the FLSA Collective, and the NYLL Class to pay the salaries of other staff, including the salaries of the Restaurant's other employees who were not tipped employees and did not participate in the tip pool.

20.     As such, Defendants were obligated to pay Plaintiff, the FLSA Collective, and the NYLL Class the standard hourly minimum wage rate, and not any reduced minimum wage through the application of a tip credit.

21.     Defendants tried to hide their practice of issuing tips to Plaintiff Hwang and the FLSA collective and the NYLL Class by failing to be transparent about and provide documentation such as tip pool sheets substantiating how much tips were collected and how they were being allocated and paid out each day. Certain staff members who repeatedly asked questions about how their pay was calculated were.

22.     As a result of the above unlawful practices, Plaintiffs, the FLSA Collective, and NYLL Class were not paid minimum wages, in violation of the FLSA and NYLL.

**FLSA § 203(m)(2)(B) and New York Labor Law § 196-d Violations**

23.     As alleged above, during Plaintiffs' employment and at all relevant times during the FLSA Collective Period and NYLL Class Period, Defendants unlawfully retained 25% of cash payroll from Plaintiff Goo and other members of the NYLL Class who were paid in cash.

24.     As such, Defendants are required to disgorge and pay back all cash payroll deductions they unlawfully retained to Plaintiff, the FLSA Collective, and the NYLL Class, along with liquidated damages and interest.

25.    **Shaving Time** During Plaintiffs' employment and the FLSA Collective Period and NYLL Class Period, Plaintiffs and members of FLSA Collective and NYLL Class clocked in and out through the Cho Dang Gol's POS system. But Defendants paid them a few hours less than all hours they worked in a week instead of paying them all hours they worked.

26.    As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA collective. This policy and pattern or practice include but are not limited to, willfully shaving their employees' time in order to avoid paying for all of the hours worked by Plaintiffs and the FLSA Collective.

27.    As a result of this and other "Time Shaving," Defendants unlawfully failed to pay Plaintiffs, the FLSA Collective, and the NYLL Class minimum wages in violation of the FLSA and NYLL, overtime wages in violation of the FLSA and NYLL, and straight time wages for all hours worked in violation of NYLL § 191(1)(a)(i).

### Wage Notice and Wage Statement Violations

28.    Defendants also failed to provide Plaintiffs and members of the NYLL Class wage notices and/or accurate wage notices as required by NYLL §§ 195(1) and (2) at the time of their hiring or when any changes to the information required in the wage notices took place.

29.    Accordingly, by failing to comply with their wage notice requirements, Defendants owe Plaintiffs and the NYLL Class $50 per day for every day such notice was not provided, up to $5,000 per employee.

30.    In addition, Defendants failed to furnish Plaintiff and members of the NYLL Class with wage statements and/or accurate wage statements, *i.e.*, pay stubs, that included, *inter alia*, their hours worked, any minimum wage allowances that were applied, and the correct amount of tip wages they should have and were legally owed.

31.    By failing to comply with their wage statements obligations, Defendants owe Plaintiffs and the NYLL Class $250 for each violation, up to $5,000 per employee.

**Unlawful Retaliation Against Plaintiff**

32.    Along with other employees, Plaintiff Hwang began questioning Defendants about whether they were being properly paid all the wages and tips they were owed after noticing that their weekly wages were significantly lower than the estimated tip that they received a day.

33.    Defendants' management refused to be transparent about how the servers' wages were calculated, saying instead that the Restaurant "doesn't show any of the employees its total tips," without any explanation or support for what they represented. This was simply an effort to obfuscate and confuse Ms. Hwang further.

34.    Ms. Hwang also questioned whether management and ownership took a portion of the service staff's tips. But Defendants never disclosed daily cash and credit card tip amount.

35.    Defendants also deducted about 25% of the wage that the employees received as employees' tax withholding. But they have neither provided IRS 1099 or W2 tax forms to their employees nor remitted their employees' payroll tax to IRS.

36.    However, within a week or two of Ms. Hwang's engagement in protected activity, the management of the restaurant started to treat Ms. Hwang and other employees unfavorably.

37.    On September 16, 2023, Ms. Hwang was working at the restaurant. The restaurant manager and assistant manager encountered issues with tip allocation for employees due to the absence of printed credit card batch settlements for lunch transactions. Ms. Hwang suggested closing the sales for lunch to address the problem.

38.    The following day, she was terminated from her position.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

39.     Plaintiffs bring their FLSA claims as a collective action on behalf of themselves and on behalf of all other similarly situated persons who were employed by Defendants as "Service/Front of the House ("FOH") Staffs, Kitchen workers, and all other similary employees employed by Defendants during the FLSA Collective Period."

40.     At all relevant times, Plaintiffs and the other members of the FLSA Collective were similarly situated, had substantially similar job requirements, were paid in the same manner and under the same common policies, plans, and practices, and were subject to Defendants' failure to pay them at the legally required minimum wage for all hours worked, and overtime wages for hours worked over 40 in a week.

41.     During the FLSA Collective Period, Defendants were fully aware of the duties performed by Plaintiffs and the FLSA Collective, and that those duties were not exempt from the minimum wage and overtime provisions of the FLSA.

42.     As a result of Defendants' conduct as alleged herein, Defendants violated 29 U.S.C. § 206 by not paying Plaintiffs and the FLSA Collective the prevailing minimum wage for all hours worked, 29 U.S.C. § 203(m)(2)(B) by deducting 25% from Plaintiffs and the FLSA collective's payroll during the FLSA collective period.

43.     As a result of Defendants' conduct, Defendants are liable to Plaintiffs and the FLSA Collective for the full amount of their unpaid minimum and overtime wages unlawfully deducted, plus an additional equal amount in liquidated damages, interest, plus the attorneys' fees and costs incurred by Plaintiffs and the FLSA Collective.

44.     While the exact number of the FLSA Collective is unknown to Plaintiffs at the present time, upon information and belief, there are more than 40 other similarly situated persons who were employed by Defendants as "Service/Front of the House ("FOH") Staffs, Kitchen workers, and all other employees during the FLSA Collective Period."

## RULE 23 CLASS ACTION ALLEGATIONS

45.     Plaintiff brings her NYLL claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and behalf of all other similarly situated persons who were employed by Defendants as "Service/Front of the House ("FOH") Staffs, Kitchen workers, and all other employees during the NYLL Class Period."

46.     Plaintiffs allege that they and other NYLL Class Members were/are: (i) not paid the prevailing minimum wage for all hours worked; (ii) not paid overtime wages for all hours worked over 40 hours in a week; (iii) unlawfully denied gratuities; (iv) unlawful deduction from employees' wage; (v) not paid wages for all hours worked; (vi) not provided with appropriate wage notices, and (vii) not furnished with accurate appropriate wage statements.

47.     The basic job duties of the NYLL Class were the same as or substantially similar to those of Plaintiff, and the NYLL Class was paid in the same manner and under the same common policies, plans, and practices as Plaintiff.

48.     Defendants subjected both the NYLL Class and Plaintiff, to the same unlawful policies, plans, and practices, including not paying the prevailing minimum wage for all hours worked or overtime wages for hours worked over 40 in a week, deduction wage, not paying for all hours worked, and not furnishing appropriate wage notices and wage statements.

49.     During the NYLL Class Period, Defendants were fully aware of the duties performed by Plaintiff and the NYLL Class, and that those duties were not exempt from the applicable provisions of the NYLL and/or its regulations.

50.     As a result of Defendants' conduct as alleged herein, Defendants violated the NYLL and/or its regulations by not paying the prevailing minimum wage for all hours worked or overtime wages for hours worked over 40 in a week, retaining wages, not paying for all hours worked, and not furnishing appropriate wage notices and wage statements.

51.     As a result of Defendants' conduct, Defendants are liable to Plaintiffs and the NYLL

Class for the full amount of their unpaid minimum wage, unpaid overtime wages, the amount of

wages retained by Defendants, wages for all hours worked, penalties for failing to issue appropriate

wage notices up to $5,000 per person, and penalties for failing to furnish appropriate wage notices

of up to $5,000 per person, plus additional amounts (where applicable) in liquidated damages,

interest, plus the attorneys' fees and costs incurred by Plaintiffs and the NYLL Class.

52.     Certification of the NYLL Class's claims as a class action is the most efficient and

economical means of resolving the questions of law and fact common to Plaintiffs' claims and the

claims of the NYLL Class.    Plaintiffs have the standing to seek such relief because of the adverse

effects that Defendants' unlawful compensation policies and practices have had on them

individually and on members of the NYLL Class.    Without class certification, the same evidence

and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant

risk of inconsistent adjudications and conflicting obligations.    Certification of the NYLL Class is

the most efficient and judicious means of presenting the evidence and arguments necessary to

resolve such questions for Plaintiff, the NYLL Class, and Defendants.

53.     Plaintiffs' claims raise questions of law and fact common to the NYLL Class. Among

these questions are:

- Whether Defendants employed Plaintiffs and the NYLL Class Members within the meaning of the NYLL;

- Whether Defendants paid Plaintiffs and the NYLL Class Members the federal and state minimum wage for all hours worked during the NYLL Class Period;

- Whether Defendants paid Plaintiffs and the NYLL Class Members overtime wages for all hours worked over 40 in a workweek;

- Whether Defendants' failure to pay the prevailing minimum wage or overtime wages constitute violations of the FLSA or NYLL;

- At what common rate, or rates subject to common methods of calculation, were Defendants required to pay Plaintiffs and the Class Members for their work;

- Whether Defendants illegally retained Plaintiffs' and the NYLL Class Members' wage;

- Whether Defendants failed to pay Plaintiffs and the NYLL Class wages for all hours worked;

- Whether Defendants failed to issue Plaintiffs and the NYLL Class appropriate wage notices in violation of the NYLL;

- Whether Defendants failed to furnish Plaintiffs and the NYLL Class with appropriate wage statements in violation of the NYLL; and

- Whether Defendants' violations of the FLSA and NYLL and/or their regulations were willful.

54.     These common questions of law and fact arise from the same course of events, and each class member will make similar legal and factual arguments to prove liability.

55.     Plaintiffs are members of the NYLL Class that they seek to represent. Plaintiffs' claims are typical of the claims of the NYLL Class. The relief Plaintiff seeks for the unlawful policies and practices complained of herein are also typical of the relief which is sought on behalf of the NYLL Class.

56.     The Plaintiffs' interests are co-extensive with those of the NYLL Class that they seek to represent in this case.    Plaintiffs are willing and able to represent the NYLL Class fairly and vigorously pursue their similar individual claims in this action.    Plaintiffs have retained counsel who is qualified and experienced in labor and employment class action litigation, and who is able to meet the time and fiscal demands necessary to litigate a class action of this size and complexity. The combined interests, experience, and resources of Plaintiffs and their counsel to litigate the individual and NYLL Class claims at issue, in this case, satisfy the adequacy of the representation requirement of Fed. R. Civ. P. 23(a)(4).

57.    Defendants have acted or refused to act on grounds generally applicable to the NYLL Class, making final injunctive and declaratory relief appropriate with respect to the NYLL Class.

58.    Injunctive and declaratory relief is the predominant relief sought in this case because they are the culmination of the proof of Defendants' individual and class-wide liability and the essential predicate for Plaintiffs' and the NYLL Class's entitlement to monetary and non-monetary remedies to be determined at a later stage of the proceedings.

59.    The common issues of law and facts affecting Plaintiffs' claims and those of the NYLL Class Members, including the common issues identified above, predominate over any issues affecting only individual claims.

60.    A class action is superior to other available means for the fair and efficient adjudication of Plaintiffs' claims and the claims of the NYLL Class.    There will be no difficulty in the management of this action as a class action.

61.    The cost of proving Defendants' violations of the NYLL and the supporting regulations makes it impracticable for Plaintiff and the NYLL Class to pursue their claims individually. Maintenance of a class action promotes judicial economy by consolidating a large class of Plaintiffs litigating identical claims.    The claims of the NYLL Class interrelate such that the interests of the members will be fairly and adequately protected in their absence. Additionally, the questions of law and fact common to the NYLL Class arise from the same course of events and each class member makes similar legal and factual arguments to prove Defendants' liability.

62.    The NYLL Class is so numerous that the joinder of all members is impracticable. While the exact number of the NYLL Class is unknown to Plaintiff at the present time, upon information and belief, there are more than 40 similarly situated persons who were/are employed by Defendants as "Service/Front of the House ("FOH") Staffs, Kitchen workers, and all other similarly employees, during the NYLL Class Period."

## <ins>FIRST CLAIM FOR RELIEF</ins>
**(Failure to Pay Minimum Wages in Violation of the FLSA)**

63.     Plaintiffs, on behalf of themselves and the FLSA Collective, reallege and incorporate by reference all preceding paragraphs relevant to their minimum wage violation claims as if they were set forth again herein.

64.     The FLSA requires covered employers, such as Defendants, to pay all non-exempt employees the prevailing minimum wage for all hours worked.    Plaintiffs and the FLSA Collective were not exempt from the requirement that Defendants pay them the prevailing minimum wage under the FLSA.

65.     During the FLSA Collective Period, Defendants did not pay Plaintiffs and the FLSA Collective the prevailing minimum wage for all hours worked for Defendants.

66.     As a result of Defendants' failure to pay Plaintiffs and the FLSA Collective the prevailing minimum wage for all hours worked, Defendants violated the FLSA.

67.     The foregoing conduct of Defendants constitutes willful violations of the FLSA.

68.     Defendants' violations of the FLSA have significantly damaged Plaintiffs and the FLSA Collective and entitle them to recover the total amount of their unpaid minimum wages, an additional equal amount in liquidated damages, interest, and attorneys' fees and costs.

## <ins>SECOND CLAIM FOR RELIEF</ins>
**(Failure to Pay Overtime Wages in Violation of the FLSA)**

69.     Plaintiffs, on behalf of themselves and the FLSA Collective, reallege and incorporate by reference all preceding paragraphs relevant to their overtime wage violation claims as if they were set forth again herein.

70.     The FLSA requires covered employers, such as Defendants, to pay all non-exempt employees overtime wages of one and one-half times their regular hourly wages for hours worked

over 40 in a week.   Plaintiffs and the FLSA Collective were not exempt from the requirement that Defendants pay them overtime wages under the FLSA.

71.     During the FLSA Collective Period, Defendants did not pay Plaintiffs and the FLSA Collective overtime wages for all hours worked over 40 in a week for Defendants.

72.     As a result of Defendants' failure to pay Plaintiffs and the FLSA Collective overtime wages for all hours worked over 40 in a workweek, Defendants violated the FLSA.

73.     The foregoing conduct of Defendants constitutes willful violations of the FLSA.

74.     Defendants' violations of the FLSA have significantly damaged Plaintiffs and the FLSA Collective and entitle them to recover the total amount of their unpaid overtime wages, an additional equal amount in liquidated damages, interest, and attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF
### (Unlawful Deduction of Wage Under the FLSA)

75.     Plaintiffs, on behalf of themselves and the FLSA Collective, realleges and incorporates by reference all preceding paragraphs relevant to their claim for unlawful deduction of wages as if they were set forth again herein.

76.     FLSA prohibits an employer from deductions made from wages for such items as cash or merchandise shortages, employer-required uniforms, and tools of the trade, which are not legal to the extent that they reduce the wages of employees below the minimum rate required by the FLSA or reduce the amount of overtime pay.

77.     During the FLSA Collective Period, Defendants unlawfully deducted 25% of the wage from employees who received cash wages under the pretext of taxes but did not remit them to the IRS as employees' income tax.

78.     The employees who received cash wages were unable to receive the minimum wage because of the amount of money that was taken away by Defendants.

14

79.     Due to Defendants' FLSA violations, Plaintiffs and the FLSA Collective members are entitled to recover from Defendants the amount of unlawfully deducted wages, liquidated damages, interest, and attorneys' fees and costs.

## FORTH CLAIM FOR RELIEF
### (Illegal Retention of Gratuities Under the FLSA)

80.     Plaintiffs, on behalf of themselves and the FLSA Collective, reallege and incorporate by reference all preceding paragraphs relevant to their claim for illegal retention of gratuities as if they were set forth again herein.

81.     Pursuant to 29 U.S.C. § 203(m)(2)(B), the FLSA prohibits an employer from keeping tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit.

82.     During the FLSA Collective Period, Defendants unlawfully retained gratuities from Plaintiffs and the NYLL Class, in violation of the FLSA.

83.     Due to Defendants' FLSA violations, Plaintiffs and the FLSA Collective members are entitled to recover from Defendants the amount of unlawfully retained gratuities, liquidated damages, interest, and attorneys' fees and costs.

## FIFTH CLAIM FOR RELIEF
### (Failure to Pay Minimum Wage in Violation of the NYLL)

84.     Plaintiffs, on behalf of themselves and the NYLL Class, reallege and incorporate by reference all preceding paragraphs relevant to their minimum wage claims as if they were set forth again herein.

85.     The NYLL requires covered employers, such as Defendants, to pay all non-exempt employees the prevailing minimum wage for all hours worked.   Plaintiffs and the NYLL Class

15

were not exempt from the requirement that Defendants pay them the prevailing minimum wage under the NYLL.

86.    During the NYLL Class Period, Defendants did not pay Plaintiffs and the NYLL Class the prevailing minimum wage for all hours worked for Defendants.

87.    As a result of Defendants' failure to pay Plaintiffs and the NYLL Class the prevailing minimum wage for all hours, Defendants violated the NYLL.

88.    The foregoing conduct of Defendants constitutes willful violations of the NYLL.

89.    Defendants' violations of the NYLL have significantly damaged Plaintiffs and the NYLL Class and entitle them to recover the total amount of their unpaid minimum wages, an additional amount in liquidated damages, interest, and attorneys' fees and costs.

### SIXTH CLAIM FOR RELIEF
**(Failure to Pay Overtime Wages in Violation of the NYLL)**

90.    Plaintiffs, on behalf of themselves and the NYLL Class, reallege and incorporate by reference all preceding paragraphs relevant to their overtime wage violation claims as if they were set forth again herein.

91.    The NYLL requires covered employers, such as Defendants, to pay all non-exempt employees overtime wages of one and one-half times their regular hourly wages for hours worked over 40 in a week.    Plaintiffs and the NYLL Class were not exempt from the requirement that Defendants pay them overtime wages under the NYLL.

92.    During the NYLL Class Period, Defendants did not pay Plaintiffs and the NYLL Class overtime wages for all hours worked over 40 in a week for Defendants.

93.    As a result of Defendants' failure to pay Plaintiffs and the NYLL Class overtime wages for all hours worked over 40 in a workweek, Defendants violated the NYLL.

94.    The foregoing conduct of Defendants constitutes willful violations of the NYLL.

95.     Defendants' violations of the NYLL have significantly damaged Plaintiffs and the NYLL Class and entitle them to recover the total amount of their unpaid overtime wages, an additional equal amount in liquidated damages, interest, and attorneys' fees and costs.

### SEVENTH CLAIM FOR RELIEF
**(Failure to Pay Wages for All Hours Worked/Straight Time Wages)**

96.     Plaintiffs, on behalf of themselves and the NYLL Class, reallege and incorporate by reference all preceding paragraphs relevant to their claim for failure to pay wages for all hours worked as if they were set forth again herein.

97.     NYLL § 191(1)(a) requires employers to pay wages to manual workers like Plaintiffs and the NYLL Class on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned.

98.     During the NYLL Class Period, Defendants unlawfully failed to pay wages to Plaintiffs and the NYLL for all hours worked, i.e., straight-time wages, no later than seven calendar days after the end of the week in which the wages were earned, in violation of NYLL § 191(1)(a).

99.     Due to Defendants' NYLL violations, Plaintiffs and the NYLL Class Members are entitled to recover from Defendants the amount of unpaid straight time wages, liquidated damages, interest, and attorneys' fees and costs.

### EIGHTH CLAIM FOR RELIEF
**(Failure to Issue Wage Notices)**

100.    Plaintiffs, on behalf of themselves and the NYLL Class, reallege and incorporate by reference all preceding paragraphs relevant to their claim for failure to issue wage notices as if they were set forth again herein.

101.    NYLL §§ 195(1) and (2) require employers to issue wage notices to employees at the time of their hiring or when any changes to the information required to appear on wage notices occur.

102.    During the NYLL Class Period, Defendants unlawfully failed to issue appropriate wage notices to Plaintiff and the NYLL Class.

103.    Due to Defendants' NYLL violations, Plaintiffs and the NYLL Class Members are each entitled to $50 per day for every day such wage notice was not provided, up to $5,000 per person, plus interest and attorneys' fees and costs.

## NINTH CLAIM FOR RELIEF
### (Failure to Furnish Wage Statements/Pay Stubs)

104.    Plaintiffs, on behalf of themselves and the NYLL Class, reallege and incorporate by reference all preceding paragraphs relevant to their claim for failure to furnish wage statements as if they were set forth again herein.

105.    NYLL § 195(3) requires employers to furnish employees with wage statements, *i.e.*, pay stubs, that include, *inter alia*, hours worked, and any minimum wage allowances that are applied.

106.    During the NYLL Period, Defendants unlawfully failed to issue appropriate wage statements to Plaintiff and the NYLL Class.

107.    Due to Defendants' NYLL violations, Plaintiffs and the NYLL Class Members are each entitled to $250 per violation up to $5,000 per person, plus interest and attorneys' fees and costs.

## TEHNTH CLAIM FOR RELIEF
### (Unlawful Retaliation Under the FLSA)

108.    Plaintiffs realleges and incorporates by reference all preceding paragraphs relevant to their claim for unlawful retaliation as if they were set forth again herein.

109.   FLSA § 215 makes it unlawful for an employer to discharge or in any manner
discriminate against any employee because such employee, *inter alia*, filed a complaint related to
any provision of the FLSA.

110.   As a result of Defendants' willful, unlawful retaliatory conduct, Plaintiff Hwang is
entitled to all available damages, including, but not limited to, lost wages, emotional distress
damages, liquidated damages, punitive damages, attorneys' fees, and litigation costs, and interest.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, the FLSA Collective, and the NYLL
Class, respectfully request that the Court:

A.    Declare that the practices complained of herein are unlawful under applicable
federal and state law;

B.    Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. §
216, and direct Defendants to provide Plaintiffs with a list of all members of the FLSA Collective,
including all last known addresses, telephone numbers, and e-mail addresses of each such person,
so Plaintiffs can give such person notice of this action and an opportunity to make an informed
decision about whether to participate in it;

C.    Determine the damages sustained by Plaintiffs and the FLSA Collective as a result
of Defendants' violations of the FLSA, and award those damages against Defendants and in favor
of Plaintiffs and the FLSA Collective, plus such pre-judgment and post-judgment interest as may
be allowed by law;

D.    Award Plaintiffs and the FLSA Collective an additional equal amount as liquidated
damages because Defendants' violations were willful and/or without a good faith basis;

E.    Declare this action to be maintainable as a class action pursuant to Fed. R. Civ. P.
23, and direct Defendants to provide Plaintiffs with a list of all members of the NYLL Class,

including all last known addresses, telephone numbers, and e-mail addresses of each such person,
so Plaintiffs can give such person notice of this action and an opportunity to make an informed
decision about whether to participate in it;

F.       Designate Plaintiffs as representative of the NYLL Class, and their counsel of
record as class counsel;

G.       Determine the damages sustained by Plaintiffs and the NYLL Class as a result of
Defendants' violations of the NYLL and/or its regulations, and award those damages against
Defendants and in favor of Plaintiffs and the NYLL Class, plus such pre-judgment and post-
judgment interest as may be allowed by law;

H.       Award Plaintiffs and the NYLL Class an additional amount as liquidated damages
pursuant to the NYLL because Defendants' violations were willful and/or without a good faith
basis;

I.       Award Plaintiffs, the FLSA Collective, and the NYLL Class their reasonable
attorneys' fees and costs and disbursements in this action including, but not limited to, any
accountants' or experts' fees;

J.       Award Plaintiffs all damages to which they are entitled pursuant to Defendants'
unlawful retaliatory actions in violation of FLSA § 215 and NYLL § 215; and

K.       Grant Plaintiffs, the FLSA Collective, and the NYLL Class such other and further
relief that the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs, on behalf of themselves and on behalf of all other similarly situated persons,
hereby demand a trial by jury on all issues of fact and damages.

Dated: August 8, 2024

_/s/ Ryan Kim_____
Ryan J. Kim

Ryan J. Kim, Esq.
Ryan Kim Law, P.C.
222 Bruce Reynolds Blvd. Suite 490
Fort Lee, NJ 07024
ryan@RyanKimLaw.com