UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
KYO OK GOO and HEESUN HWANG, *on* :
*behalf of themselves and all others similarly* :
*situated*, :
: 23-CV-8235 (VSB)
Plaintiffs :
: **OPINION & ORDER**
-against- :
:
:
HAND HOSPITALITY LLC, *et al.*, :
:
Defendants. :
:
------------------------------------------------------------X

Appearances:

Ryan J. Kim
Ryan Kim Law, P.C.
Fort Lee, NJ

Jenny S. Brejt
LaDonna Marie Lusher
Lloyd Robert Ambinder
Marlena Smith
Virginia & Ambinder, LLP
New York, NY

Joel Levi Goldenberg
Joseph & Norinsberg, LLC
New York, NY
*Counsel for Plaintiffs and the Proposed Class*

Howard Zane Myerowitz
Song Law Firm
Fort Lee, NJ
*Counsel for Defendant Hand Hospitality LLC*

Joshua Sung Soo Lee
The Kasen Law Firm, PLLC
Flushing, NY
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

Before me is a motion filed by Defendants Hand Hospitality LLC, Cho Dang Gol LLC, Toledo 53 Inc., and Kihyun Lee (collectively, "Defendants") seeking an order denying Plaintiff's motion for default judgment, permitting Defendants to file a late answer, and granting any other relief as I might deem proper. (Doc. 60.) As the Clerk of Court has already entered certificates of default as to all four Defendants, (Docs. 47–49, 52), I will treat this motion as one seeking to vacate the certificates of default. Because I find that Defendants have demonstrated "good cause" for the relief requested, *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993), Defendants' motion to vacate the certificates of default and file a late answer is GRANTED.

I.      **Factual and Procedural Background**

On July 19, 2023, Plaintiff Kyo Ok Goo filed her initial complaint, bringing claims against Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and the New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 650–65. (Doc. 1.) Although Plaintiff did not file any affidavits of service on the docket, Defendants do not dispute that they were properly served with the initial complaint. Defendants appeared in the action and filed an answer on November 10, 2023. (Doc. 14.)

On August 8, 2024, Plaintiff filed the First Amended Complaint after obtaining leave to do so, adding Heesun Hwang as an additional Plaintiff and adding a claim for illegal retention of gratuities under the FLSA. (Doc. 37.) When Defendants did not respond to Plaintiffs' First Amended Complaint by the August 22, 2024 deadline, I instructed Plaintiffs to seek a default judgment or risk dismissal for failure to prosecute. (Doc. 38.) Plaintiffs obtained certificates of default from the Clerk of Court as to each Defendant, (Docs. 47–49, 52), and on October 4, 2024, Plaintiffs filed a proposed Order to Show Cause seeking a default judgment, (Doc. 54). I

set a show-cause hearing for October 30, 2024. (*See* Docs. 56, 58.) On October 24, 2024, Defendants filed the instant motion seeking to prevent the entry of default judgments against them and allow the filing of a late answer. (Doc. 60.) I therefore adjourned the show-cause hearing. (Doc. 61.) On November 11, 2024, Plaintiffs opposed Defendants' motion. (Doc. 62.)

## II. Legal Standard

"Where, as here, the Clerk of Court has entered a Certificate of Default, but no default judgment has yet been entered, the Court decides a motion to vacate the entry of default pursuant to the 'good cause' standard under Fed. R. Civ. P. 55(c), which is more lenient than the standard to set aside a default judgment under Rule 60(b)." *Bizelia v. Clinton Towers Mgmt.*, No. 20-CV-8065, 2023 WL 8258884, at *1 (S.D.N.Y. Nov. 29, 2023); *see also Peterson v. Syracuse Police Dep't*, 467 F. App'x 31, 33 (2d Cir. 2012) (summary order) ("Rule 55(c) permits a party to be relieved of default 'for good cause,' whereas a default judgment may only be set aside in accordance with Rule 60(b)."). Although Rule 55(c) does not define "good cause," the Second Circuit has advised district courts to consider three criteria in deciding a motion to vacate a default judgment: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron*, 10 F.3d at 96; *accord Peterson*, 467 F. App'x at 33. Courts may also consider "whether the entry of default would bring about a harsh or unfair result." *Enron*, 10 F.3d at 96. The Second Circuit generally disfavors defaults and "has expressed on numerous occasions its preference that litigation disputes be resolved on the merits, not by default." *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995); *Enron*, 10 F.3d at 95; *see also Brien v. Kullman Indus., Inc.*, 71 F.3d 1073, 1077 (2d Cir. 1995) (noting that there is a "limitation on the scope of the district court's discretion" because of the Second Circuit's "preference for resolving disputes on the merits"). Accordingly,

3

"in ruling on a motion to vacate a default judgment, all doubts must be resolved in favor of the party seeking relief." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).

### III. Discussion

#### A. *Willfulness*

First, I must evaluate whether Defendants' default was willful. In the context of default judgment, willfulness refers to conduct that is "more than merely negligent or careless." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). In other words, willfulness is "egregious or deliberate conduct," such as where a defaulting defendant makes "a strategic decision to default." *OEC Freight (NY) Inc. v. Stanley Furniture Co.*, No. 20-CV-9556, 2023 WL 3080775, at *3 (S.D.N.Y. Apr. 25, 2023) (quoting *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 60–61 (2d Cir. 1996)). The inquiry for determining whether a defendant acted willfully focuses on what actions, if any, the defaulting party took "after it became aware of the existence of the litigation or entry of default." *Haran v. Orange Bus. Servs. Inc.*, No. 21-CV-10585, 2022 WL 2306945, at *2 (S.D.N.Y. June 27, 2022) (internal quotation marks omitted). "Thus, even where notice was adequate and the defaulting party failed to rebut the presumption of receipt, if the party responded promptly after learning of the action, courts have found that the party's default was not willful." *Id.* (internal quotation marks omitted).

Here, I find that Defendants did not act willfully. While a little under two months elapsed between the certificates of default issuing and Defendants filing the instant motion, Defendants explain that the attorney handling this case had left the firm and due to an administrative error, the case was unassigned for a period of time. (Doc. 60-1 ¶ 3.) Counsel for Defendants state that "[a]s soon as [they] became aware of the situation, [they] took immediate steps to address it." (*Id.* ¶ 5.) Defendants taking action as soon as they became aware of the

4

entry of default does not meet the willfulness standard.  Furthermore, Defendants answered the original complaint.  (*See* Doc. 14.)  Although the entry of default judgment can be "proper where a defendant fails to answer an amended complaint, even where the defendant has answered the original complaint," *S.E.C. v. Anticevic*, No. 05-CV-6991, 2009 WL 4250508, at *2 (S.D.N.Y. Nov. 30, 2009) (citation omitted), Defendants filing an answer to the original complaint evinces an intent to participate in the lawsuit and supports their contention that their failure to answer the amended complaint was an administrative error.

Plaintiffs state that "Defendants' contentions are false" because the two principal attorneys on the case remained active throughout the period where the attorney handling the case supposedly left. (Doc. 62 ¶ 5.)  Plaintiffs' allegations are sufficient to cast some doubt on Defendants' narrative, but "under the case law all doubts must be resolved in favor of trial on the merits." *Enron*, 10 F.3d at 98.

### B. *Prejudice*

Next, I consider the level of prejudice that Plaintiffs may suffer if I were to grant the motion to vacate.  "Because relief from a default entry essentially is a matter of fairness and judicial discretion, the single most persuasive reason for denying a Rule 55(c) motion is prejudice to the non-defaulting party caused by reopening the action." *Select Harvest USA LLC v. Indian Overseas Bank*, No. 22-CV-3931, 2023 WL 2664079, at *12 (S.D.N.Y. Mar. 28, 2023) (quoting 10A Fed. Prac. & Proc. Civ. § 2699 (alterations omitted)).  Delay alone does not establish the prejudice required to defeat a motion to vacate a default. *Johnson v. New York Univ.*, 324 F.R.D. 65, 71 (S.D.N.Y. 2018) (citing *Enron*, 10 F.3d at 98).  "Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or

provide greater opportunity for fraud and collusion." *Id*. (quoting *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)).

Vacating the entry of the Certificates of Default in this case would not unduly prejudice Plaintiffs. As Defendants note, "[t]his case is still in its early stages, and discovery can proceed without any substantial disruption." (Doc. 60-2 at 4.) Plaintiffs do not contest this characterization. (*See* Doc. 62.) As there is no demonstrated risk of making discovery more difficult or laborious, causing duplicate work, or otherwise prejudicing Plaintiffs, I find that this factor weighs in favor of vacating the Certificates of Default.

### C.   *Meritorious Defense*

Finally, I must consider whether Defendants have proffered "a meritorious defense." *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 167 (2d Cir. 2004) (internal quotation marks omitted). To make a sufficient showing of a meritorious defense, a defendant "need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." *Id*.

Here, Defendants do not attempt to offer any evidence of its defense and fails to "present more than conclusory denials when attempting to show the existence of a meritorious defense." *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 173 (2d Cir. 2001). I therefore find that Defendants failed to present a meritorious defense.

Despite this, I note the Second Circuit's "preference that litigation disputes be resolved on the merits, not by default." *Cody*, 59 F.3d at 15. Accordingly, after balancing the Rule 55(c) factors, I find that Defendants have established good cause to set aside the Certificates of Default.

### IV.    **Conclusion**

For these reasons, Defendants' motion to vacate the defaults and file a late answer is GRANTED.  Defendants are instructed to file their answer on the docket within seven days of the entry of this Opinion & Order.  The Clerk of Court is respectfully directed to terminate the motion pending at Docket Entry 60.

SO ORDERED.

Dated: January 31, 2025
      New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge